UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I/O TEST INC.,

        Plaintiff,                        Case No. 1:06-CV-117

v                                            Hon. Gordon J. Quist

SMITHS AEROSPACE, INC.,

        Defendant.
_____/

**PROTECTIVE ORDER**

        Defendant/Counter-Plaintiff "Smiths Aerospace, Inc., f/k/a Smiths Industries Aerospace & Defense Systems, Inc." (now Smiths Aerospace LLC and hereafter referred to as "Smiths Aerospace") having filed a Motion for Protective Order and Brief in Support of Motion for Protective Order with Exhibits indicating that information which will be produced by the parties in the course of discovery in this litigation is confidential, sensitive, and of a proprietary nature and therefore the proper subject of a Protective Order, and the Court being otherwise fully advised in the premises, and for the reasons more fully stated on the record at the hearing held this date;

        IT IS HEREBY ORDERED that the Motion for Protective Order (docket no. 38) is GRANTED.

        IT IS FURTHER ORDERED that the records and information each side provides the other in this litigation will be used only in the context of this litigation, that the records and information will be returned to the respective party after the litigation ends, and that said records and

information will not be disclosed by any person or entity subject to this order to any other person or entity outside this litigation.

IT IS FURTHER ORDERED that if either party wishes to disclose records and information provided by any party in this litigation to one or more of its named experts or named witnesses, that party shall notify the other party of this intent prior to such disclosure and allow that party 10 days to object prior to the disclosure being made.  If objection is made, the party shall not make the disclosure until the objection is resolved, by the Court or by stipulation of the parties.  No disclosure of records or information covered by this Protective Order shall be made other than as provided in this order.

IT IS FURTHER ORDERED that all documents and information provided by the parties during the course of this litigation shall either be returned to the other party or destroyed at the conclusion of this litigation.

IT IS FURTHER ORDERED that Smiths Aerospace shall be reimbursed for its reasonable attorney's fees and costs in the amount of $1,000.00, said amount to be paid by Plaintiff I/O Test Inc. within 30 days of the date of this order.  In the event that either party objects to this amount, however, they shall notify the other party of their objection within 10 days of the date of this order or the same shall be waived.  In the event objection is made, defendant Smiths Aerospace shall have 10 days thereafter to file with the Court an affidavit and supporting paperwork justifying the amount of costs it believes are appropriate, whether it is greater or less than $1,000.00.  Plaintiff shall have 10 days thereafter to file an appropriate response.  The Court will resolve the issue on the papers filed, but reserves the right to require a further hearing.

IT IS FURTHER ORDERED that this Protective Order applies to all parties in this action, and to all their respective owners, board members, officers, employees, experts and attorneys, including specifically Carlos Medina, President of I/O Test Inc., and that any person or party violating this Protective Order shall be subject to the penalties provided by law to include being held in contempt of court.

Dated:  October 24, 2006            /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge